WRIGHT *vs.* SMITH and BULL, overseers of the poor of the town of Venice.

Where a suit is commenced in the name of overseers of the poor, against a person for violating the excise law, and an attorney is employed to conduct the proceedings, by the obligors in the bond given for costs, who prosecutes the suit in the name of the plaintiffs, and obtains judgment against the defendant, which might be collected, but the overseers of the poor acknowledge satisfaction of the judgment, and cause the same to be cancelled of record, they are liable to the attorney, in an action brought for his costs and counsel fees.

And if the defendants in their answer admit the acknowledgment of satisfaction of the judgment, by them, but aver that no money was paid, or agreed to be paid, by the defendant in the judgment, for, or on account of such acknowledgment, and the plaintiff takes issue upon that averment, but no proof is given by either party, except the proof of the execution and acknowledgment of the satisfaction piece, this will be held conclusive proof that the defendants had received the amount of the judgment, in money or its equivalent.

The fact that the predecessors in office of the defendants united with them in executing the satisfaction piece, will not render it necessary to make them parties to the suit.

In such a case, although the overseers may not actually have retained the attorney, yet the suit is in fact and in law their suit, and within their control; and the attorney is their attorney, retained for them by authority of the statute.

Their liability to him, however, for his fees is, in the first instance, only conditional, and depends entirely upon a recovery being had. But upon a recovery, the overseers stand in the same relation as upon an original retainer personally.

Overseers of the poor, after the expiration of their term of office, and after others have been elected in their places, cannot, by signing a stipulation, discontinue a suit previously commenced in their names.

Wright *v.* Smith.

The repeal of the act of May 14, 1845, relating to excise, &c. by the act of May 7, 1847, did not work a discontinuance of suits previously commenced for penalties incurred under the revised statutes, for selling ardent spirits without a license, or a discharge of the defendants therein from their liability.

THIS was an appeal by the plaintiff from a judgment rendered at a special term, in favor of the defendants. The complaint alledged that on the 26th of February, 1847, the plaintiff issued a *capias ad respondendum*, in favor of Thomas E. Doughty and William Bennett, the then overseers of the poor of the town of Venice, as attorney for the plaintiffs, against one David Jennings; which writ was returnable on the first Monday of May next after the issuing thereof, and. was duly served upon David Jennings, the defendant therein named, on or before the return day thereof. That previous to issuing said writ a bond in the penalty of $200 was duly executed by two sureties, with a condition that the obligors should pay the costs in case of failure to recover judgment against Jennings. That said Jennings appeared in said suit by George Rathbun, his attorney, who served notice of his appearance as such attorney, upon the plaintiff in this suit, as attorney for the plaintiffs in that suit, on the twenty-fourth day of May, 1847. That afterwards, and on the 25th day of May, 1847, a copy declaration in said suit, was duly served upon said George Rathbun, as the attorney for said defendant David Jennings. That such proceedings were thereupon had in said cause, that afterwards, and on the 18th day of May, 1848, judgment was entered therein against said defendant Jennings, and in favor of said plaintiffs, as such overseers of the poor, for $825 of debt, and $82,69 damages and costs. That said judgment was on that day docketed in the clerk's office of Cayuga county, which judgment then was, and thereafter continued to be, a good and valid judgment against said defendant, until the same was satisfied and cancelled of record as hereinafter stated. That the said sum of $82,69 included in said judgment, and therein stated as damages and costs, was wholly and entirely for the costs to which said plaintiff in this suit was entitled as attorney and counsel for the plaintiffs in said suit, to-

gether with the disbursements incurred and paid by the said plaintiff in this suit, as such attorney and counsel, and which were duly taxed at that sum. That said defendant David Jennings was, at the time of docketing of said judgment, and ever since had been, and yet was a man of property, and resident of said town of Venice, and said judgment could have been collected of him, the said Jennings, by due course of law. That after the entering and docketing of said judgment, and on or about the 24th day of May, 1848, the defendants in this suit, as overseers of the poor of the town of Venice, together with the said Thomas E. Doughty and William Bennett, executed and delivered to said defendant David Jennings, or to some other person for his benefit, an instrument in writing, under their hands and seals duly executed, by which they acknowledged satisfaction of the said judgment, and directed the clerk to cancel the same of record. That the execution of said instrument in writing was duly acknowledged, and was afterwards, on the 30th day of May, 1848, duly filed in the clerk's office of said county of Cayuga, and the clerk upon filing the same cancelled said judgment of record. And the plaintiff further alledged, that he had never received any compensation whatever from any person for his services as attorney and counsel in said suit against said David Jennings, or for his disbursements and expenses therein. Wherefore he claimed to recover of said defendants as such overseers of the poor, the said sum of $82,69, together with interest thereon from the said 18th day of May, 1848; and also the further sum of $100 as and for a reasonable counsel fee for the services of said plaintiff in the conducting and managing said suit against said David Jennings, in addition to the items included in said taxed bill, and the costs and disbursements of this suit.

It appeared from the declaration in the suit against Jennings that the action was brought to recover penalties alledged to have been incurred by the defendant in violating the excise law.

The answer of the defendants in this cause admitted the facts stated in the complaint as to the commencement of the suit against Jennings, appearance of the attorney for said Jennings, the service of notice of such appearance, the service of the dec-

Wright *v.* Smith.

laration in said suit, the recovery of a judgment, the time and amount thereof, and the time of docketing the same, &c. They also admitted that said Jennings had sufficient means to pay the amount of the costs as taxed; and that on or about the 24th day of May, 1848, these defendants as overseers of the poor of Venice, did sign, execute and acknowledge the satisfaction piece mentioned in the complaint, for the reasons and under the circumstances hereinafter stated; and that said satisfaction piece was duly acknowledged, and that the same was duly recorded on or about the 30th day of May, 1848. But the defendants denied that the plaintiff had any claim or demand upon them on account of any services or expenses he had incurred in the prosecution of said suit, in the names of William Bennett and Thomas E. Doughty, as overseers of the poor of the town of Venice, against said David Jennings, because they averred that the said plaintiff was not employed or retained by the said William Bennett and Thomas E. Doughty, as overseers of the poor, of the town of Venice, or either of them, or by any other person for them, or either of them, as their attorney, to commence the said suit against said David Jennings. And they averred that said plaintiff was employed as such attorney, and brought said suit in the names of said Bennett and Doughty, as overseers of the poor of the town of Venice, without the consent, and against the wishes of said Bennett and Doughty, and after they had refused to commence such suit, or to authorize the commencement thereof, in their names, by one Jarvis Alward, or by Jarvis Alward and Alvah Fitch. And the defendants averred that at the commencement of said suit Thomas E. Doughty was not one of the overseers of the poor of the town of Venice, but had refused to qualify, or to act as such overseer of the poor of said town. And the defendants further alledged, that they never did, at any time, nor did either of them, employ said plaintiff, or recognize him as their attorney, or give any consent to his conducting, prosecuting or carrying on said suit against said Jennings; and they averred that the same was prosecuted against their wishes, and without any consent or approval on their part; that at the time they, the defendants, executed the

said satisfaction piece, the same had been executed by said Bennett and Doughty, the plaintiffs in said suit; and they averred that no money was paid to these defendants, or either of them, and that no agreement was at any time made, that any thing should be paid to them, or either of them, for, or on account of acknowledging satisfaction of said judgment by any person. And the defendants further insisted, that the plaintiff commenced said suit against Jennings, under and by virtue of the seventh section of the act entitled " an act relating to excise, and to licensing retailers of intoxicating liquors," passed May 14th, 1845; and that said act was afterwards, and before the judgment in said suit was obtained, to wit, on the 12th day of May, 1847, repealed; that on or about the 20th day of April, 1848, the plaintiffs in said suit, made and signed a stipulation by which they agreed to discontinue the said suit; and that the defendant or his attorney might enter a rule discontinuing said suit. And on the same day delivered said stipulation to said defendant Jennings; and that, on the 25th day of April, 1848, a copy of said stipulation was served on said David Wright, the plaintiff in this suit; and on the 9th day of May, 1848, on filing said stipulation in the office of the clerk of Cayuga county, a rule was duly entered, on motion of said defendant Jenning's attorney, discontinuing said suit; and the defendants insisted that said stipulation, on notice thereof to the said plaintiff, ended and determined said suit, and his right to proceed therein, as attorney for the said plaintiffs. They further insisted, that William Bennett and Thomas E. Doughty ought to be made parties defendants in this suit.

The plaintiff put in a reply, in which, among other things, he alledged that at the time the paper mentioned and set forth in said answer, and therein alledged to have been made and signed, on or about the 20th day of April, 1848, was made and signed, neither the said Thomas E. Doughty nor the said William Bennett, was an overseer of the poor of the town of Venice; nor had they, or either of them, any authority to discontinue the suit then pending against the said David Jennings, or in anywise to interfere or intermeddle therewith; that said William

Wright *v.* Smith.

Bennett, at the time of and before the sale by the said Jennings, of the strong and spiritous liquors for the sale whereof said suit was brought against him, said Jennings, was the owner of the premises then occupied by said Jennings, and was the land-lord of the said Jennings, and advised the said Jennings to sell strong and spiritous liquors to be drank in the said house, contrary to law; and that both the said Bennett and the said Doughty, and particularly the said Bennett, then well knew that he, the said Jennings, had sold strong and spiritous liquors con-trary to the 15th, and also to the 16th, sections of the revised statutes, entitled "of excise, and the regulation of taverns and groceries;" and that he, the said Jennings, was liable to the penalties claimed in and by the declaration in said suit. That having such information and knowledge, they, the said Doughty and Bennett, at the instance and request of said Jennings, and for the fraudulent purpose and design of protecting him, the said Jennings, from the penalties incurred by him; and of de-frauding the public, by preventing a recovery against said Jen-nings in said suit, made and signed the paper before mentioned. And the plaintiff, upon belief, averred that said'paper was and is utterly void, for the reasons above stated, and for the further reason that said paper was otherwise fraudulent and void; and did not, nor could not, have any effect whatever upon said suit, nor upon the right, power or authority of the plaintiff in this suit, as the attorney for the plaintiffs therein, to prosecute the same to judgment and execution.

. The cause was brought to trial at the Cayuga circuit, held by John Maynard, one of the justices of this court, in March, 1849. The parties waived a trial by jury, and the cause was tried by the court; whereupon it was admitted, by the counsel for the defendants, that if the plaintiff was entitled to recover any coun-sel fee, the sum of thirty dollars would be a reasonable fee, in the cause wherein the overseers of the poor of Venice were plaintiffs and David Jennings was defendant. No further evi-dence being offered on the part of the plaintiff, the defendant called Thomas E. Doughty, as a witness, who testified that he was the person named as one of the plaintiffs in the suit against

David Jennings; that he was not one of the overseers of the poor of the town of Venice, when that suit was brought; he was elected, but did not take the oath of office. This testimony was objected to in due time by the plaintiff, and was received by the court subject to the objection. The witness further testified, that the stipulation discontinuing that suit was signed by him and by William Bennett, who was an overseer of the poor when that suit was commenced. That suit was brought without any authority from the witness, and contrary to his wishes; that he remembered the time of signing the stipulation to discontinue in the suit against Jennings. The defendants in this suit were then the overseers of the poor of the town of Venice. The defendants' attorney then produced the book of common rules, kept in the office of the clerk of Cayuga county, and offered to read therefrom a rule entered on the 9th of May, 1848, discontinuing that suit, on filing a stipulation signed by Doughty and Bennett. To the reading of which the plaintiff objected, on the ground that no copy of said rule had ever been served upon the attorney in that suit. The court admitted the evidence, to which said plaintiff objected.

*David Wright,* plaintiff in person.

*Geo. Rathbun,* for the defendants.

*By the Court,* JOHNSON, J. This cause was tried before the court without a jury. It appears from the decision of the judge, that all the allegations in the plaintiff's complaint were proved or admitted. And all the facts stated in the defendant's answer, except the allegation that Doughty was not overseer of the poor, and the allegation that no money was received of Jennings upon the judgment against him. It was also admitted that the plaintiff was employed to prosecute Jennings, named in the complaint, by the obligors in the bond therein mentioned, or one of them. The judge decided that upon this proof, as matter of law, the plaintiff was not entitled to recover. No reasons for the decision are given. I confess I am unable to perceive why the

Wright *v.* Smith.

plaintiff is not in law entitled to recover his costs of these defendants. He was the attorney in the action, and prosecuted the suit to judgment; and these defendants were not only nominally plaintiffs, but had control of the recovery.

Conceding that neither these defendants nor their predecessors in office, actually retained the plaintiff to prosecute that suit against Jennings, yet it was in fact and in law the suit of the overseers of the poor for the time being. No other person had any interest in it or control over it. The persons who gave the bond had no interest in the suit. They made themselves liable for the costs in case no judgment was recovered; but they had no control over the suit, and could do nothing except to attend to its prosecution. The law made them the agents of the overseers, to institute the suit and carry it on for them. But they had no title to the judgment when recovered, and could not receive the proceeds, or direct, to any extent, as to the manner of their appropriation. The statute directs as to this. "If prosecuted to effect, the penalty shall be applied as now provided by law." (*Sess. Laws of* 1845, *ch.* 300, § 7.) The defendants took the penalty recovered in their official capacity, to disburse as the law directs. In case of such a suit prosecuted to effect, the obligors in the bond are not liable for costs, to any one; not even the attorneys. They could only be called upon in case of failure to recover. And then only by reason of their undertaking, and not as parties to the action. I think it follows, therefore, as a clear deduction, that the plaintiff was the attorney of the overseers, retained for them by authority of the statute. Their liability to him, however, for his fees, was, in the first instance, only conditional, and depended entirely upon a recovery being had. But upon recovery, they stood in the same relation as upon an original retainer personally. In that event, the attorney could look to no other person; and the statute, I apprehend, did not contemplate that he should render his services for the public gratuitously. His legal fees in such case are in the judgment, which the overseers control; but they do not belong to the town. It is the penalty, only, which is applied as provided by law. (*See act above cited,* § 7.) It is not contended

that the stipulation of Bennett and Doughty, in whose names the suit was commenced, and who were then overseers, given after the expiration of their term of office, and after others had been elected in their places, agreeing to discontinue the suit, could have the effect to discontinue. And clearly it could not. They had then no more control over the action than any other strangers. The new overseers had become parties in their stead, by virtue of their office.

The judgment against the defendant, Jennings, was recovered on the 18th of May, 1848. It is contended by the defendants' counsel that the repeal of the act of 1845, on the 7th of May, 1847, worked a total discontinuance of the suit, and a discharge of the defendant therein from his liability; and that the judgment rendered afterwards in that suit was null and void. It is impossible to see how these consequences follow from the repeal of the act of 1845. The action was to recover the penalties given by the revised statutes for selling ardent spirits without a license from the board of excise. Neither the act of 1845, nor the repealing act of 1847, repealed or in any manner affected these provisions. The prohibitions and penalties prescribed by the revised statutes were still in force, notwithstanding those acts. The cases cited by the defendants' counsel, are where the repeal of the act took away the penalties, or the right upon which the action was founded. This is no such case. Here the statute prescribing the penalty, and authorizing the prosecution and recovery, was still in force. It was in fact the foundation of the cause of action. The act of 1845, prescribed under what circumstances boards of excise should be authorized to grant licenses; and upon what conditions others might commence and prosecute actions for penalties, for and in the name of the overseers, where they refused to discharge the duties imposed upon them by law, appertaining to their office. The selling without license, however, was still prohibited. But independent of this, here was a judgment in a suit regularly commenced, in which issue had been joined, and which was final and conclusive between the parties, while it remained unreversed. The suit was in fact prosecuted to effect; and I am clearly of opinion that the

overseers for the time being, who were the defendants here, are liable to the plaintiff for his fees as attorney, in this aspect of the case, alone.

But the case shows that after the judgment was obtained, on the 24th of May, 1848, satisfaction of the same was duly executed by the defendants, and the clerk authorized to cancel the same of record. This acknowledgment of satisfaction is in the usual form, and signed by the defendants, overseers of the poor of Venice, for the year 1848, and also by Doughty and Bennett, the overseers of the preceding year, when the suit was commenced. It was duly acknowledged and filed in the clerk's office, and the judgment satisfied of record. The defendants, in their answer, admit the acknowledgment of satisfaction of the judgment by them, but they aver that no money was paid, and none agreed to be paid by the defendant, for or on account of such acknowledgment. Upon this averment in the answer issue is taken by the reply. The judge certifies that upon this issue no proof was given by either party, except the proof of the execution and acknowledgment of the satisfaction piece. But this, in the absence of all other evidence, was conclusive proof that the defendants had received the amount of the judgment, in money or its equivalent. (*Packard* v. *Hill*, 7 *Cowen*, 445. *Stanton* v. *Thomas*, 24 *Wend*. 71.) As the case stood, therefore, upon the proof, it was clearly shown that the defendants had received in money the full amount of the debt and costs.

But the plaintiff's counsel contends that if there is any liability arising out of the execution and acknowledgment of the satisfaction piece, Doughty and Bennett should have been joined as defendants, as they united with Smith and Bull in executing the satisfaction piece. But the law determines to whom the money, when received, belonged; and in a case like this, I apprehend the law would presume that the money was received by those entitled to it; and that the others merely united in the acknowledgment to satisfy the record. But in any event, if the defendants, who were the only persons authorized by law to receive the money, consented to let others, not entitled, receive any portion of it, they would not, by that act, relieve

themselves from their liability, either to the town, or to the attorney. I think it will hardly lie with them to say that they voluntarily shared in the money with others who had no right to it. On this ground, the plaintiff's right of recovery seems to me complete. The judgment of the special term must therefore be reversed, and a new trial ordered, with costs to abide the event.

[MONROE GENERAL TERM, December 2, 1851. *Welles, Selden* and *Johnson,* Justices.]